1  Barbara A. Rohr (SBN 273353)
2  Benjamin Heikali (SBN 307466)
   **FARUQI & FARUQI, LLP**
3  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
4  Telephone: (424) 256-2884
   Facsimile: (424) 256-2885
5  E-mail: brohr@faruqilaw.com
            bheikali@faruqilaw.com
6
   *Attorneys for Plaintiffs Neda Kadkhoda*
7  *and Marcia Williams*

8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEDA KADKHODA and MARCIA WILLIAMS, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>MY PILLOW, INC.,<br><br>        Defendant. | Case No.:  2:16-cv-2216<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Violation of California Civil Code §1770,** *et seq.*<br><br>**2. Violation of California Business and Professions Code § 17200,** *et seq.*<br><br>**3. Violation of California Business and Professions Code § 17500,** *et seq.*<br><br>**4. Violation of Florida Deceptive and Unfair Trade Practices Act § 501.201,** *et seq.*<br><br>**5. Breach of Express Warranty**<br><br>**6. Fraud in Inducement**<br><br>**JURY TRIAL DEMANDED** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLASS ACTION COMPLAINT**

Plaintiffs Neda Kadkhoda and Marcia Williams ("Plaintiffs") by and through their counsel, bring this Class Action Complaint against Defendant My Pillow, Inc., and any parent or subsidiary entity ("My Pillow" or "Company" or "Defendant"), on behalf of themselves and all others similarly situated, and allege upon personal knowledge as to their own actions and their counsel's investigations, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.    Plaintiffs bring this consumer protection and false advertising class action lawsuit against Defendant, based on Defendant's false and misleading representations on its website, infomercials, and other advertising platforms.

2.    In an effort to sell its pillow and bedding products ("My Pillow Products"), Defendant has deceptively and fraudulently used the logos of prominent third party news reporting entities on its website. Defendant has also falsely and deceptively represented to consumers that My Pillow CEO and inventor Michael J. Lindell ("Lindell") is a "sleep expert."

3.    Consumers, including Plaintiffs, have relied on Defendant's false and misleading advertisements when purchasing My Pillow Products. Had consumers known that Defendant's advertisements were false and misleading they would not have purchased My Pillow Products, or would have paid significantly less for the products. Therefore, consumers have suffered injury in fact as a result of Defendant's false and misleading advertising.

4.    Plaintiffs bring this class action lawsuit on behalf of themselves and all others similarly situated, seeking damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate.

1

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiffs, as well as most members of the proposed Classes, are citizens of states different from the state of Defendant. Defendant has sold millions of My Pillow Products.

6.      This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California or otherwise intentionally did avail itself of the markets within California, through its sale of My Pillow Products to California consumers.

7.      Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because Defendant regularly conducts business throughout this District, and a substantial part of the events and/or omissions giving rise to this action occurred in this District.

## PARTIES

8.      Plaintiff Neda Kadkhoda is a citizen of California, residing in Los Angeles. In or around October 2014, Ms. Kadkhoda purchased a My Pillow pillow from Bed, Bath, and Beyond, after watching one of Defendant's infomercials on television, and browsing Defendant's website for purchase options. Ms. Kadkhoda purchased a My Pillow pillow, relying on Defendant's representation that Lindell is a "sleep expert" and Defendant's portrayal of various news reporting entities' logos on its website. Ms. Kadkhoda would not have purchased the My Pillow pillow, or would have paid significantly less for the product, had she known that Defendant's representations were false and misleading. Ms. Kadkhoda therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

**CLASS ACTION COMPLAINT**

9.      Plaintiff Marcia Williams is a citizen of Florida, residing in Winter Springs. In or around June 18, 2014, Ms. Williams purchased a My Pillow pillow through QVC, after watching both the My Pillow infomercial on television, and browsing the My Pillow website. Ms. Williams purchased a My Pillow pillow, relying on Defendant's representation that Lindell is a "sleep expert" and Defendant's portrayal of various news reporting entities' logos on its website. Ms. Williams would not have purchased the My Pillow pillow, or would have paid significantly less for the product, had she known that Defendant's representations were false and misleading. Ms. Williams therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

10.     Defendant My Pillow, Inc., is a Minnesota corporation with its principal place of business in Chaska, Minnesota. Defendant manufactures, distributes, sells, and advertises pillows and other bedding products nationwide, including in California and Florida. Defendant has maintained substantial distribution, sales, and marketing operations in this District.

11.     Whenever and wherever reference is made to individuals who are not named as defendants in this complaint but who were employees/agents of Defendant, such individuals at all relevant times acted on behalf of Defendant within the course and scope of their employment.

12.     Plaintiffs are informed and believe and thereupon allege that, at all times material herein, Defendant and each of its employees/agents knew or reasonably should have known that Plaintiffs and the Classes were and are being injured by the conduct of Defendant and the failure of Defendant to police its own industry by adequately supervising, regulating, and instituting ways to correct, discipline and/or otherwise modify the conduct of the employees of Defendant for committing actions that harm consumers or failing to act in ways to protect consumers.

**CLASS ACTION COMPLAINT**

# FACTUAL ALLEGATIONS

**A.    My Pillow's inception**

13.    With 50-70 million U.S. adults not getting enough sleep,[1] the sleep industry has exploded into a multi-billion dollar industry.[2]

14.    This is the lucrative market that Defendant, and My Pillow CEO and inventor Lindell sought to capitalize on since the Company's inception in 2011.

15.    In or around October 2011, Defendant launched its first infomercial ("Infomercial #1"),[3] an advertisement that has been running on local and national networks since then. The roughly 28-minute infomercial features Lindell and advertises Defendant's My Pillow Products. The infomercial encourages viewers to call in or visit Defendant's website, www.mypillow.com, to order My Pillow Products. Infomercial #1 is also available on Defendant's website, www.mypillow.com.[4]

16.    Defendant has also launched other advertisements for its products, including a second infomercial ("Infomercial #2").[5] This roughly 26-minute infomercial also features Lindell and also advertises Defendant's My Pillow Products. Furthermore, the infomercial also encourages viewers to call in or visit Defendant's website, www.mypillow.com, to order My Pillow Products.

17.    Defendant's website, www.mypillow.com, is another advertising platform used by Defendant. While the website includes a virtual "store" where interested consumers can purchase My Pillow Products, the website also contains advertising materials such as testimonials, guarantees, and a list of medical conditions

---

[1] http://www.cdc.gov/features/dssleep/ (last visited 03-30-16)

[2] http://www.thefiscaltimes.com/Articles/2012/07/23/Sleepless-in-America-A-32-4-Billion-Business (last visited 03-30-16)

[3] https://www.youtube.com/watch?v=7Nozvoxr4Ks (last visited 03-29-16)

[4] http://www.mypillow.com/mypillow-infomercial.html (last visited 03-30-16)

[5] https://www.youtube.com/watch?v=uwyA-xs1y2E (last visited 03-29-16)

4

**CLASS ACTION COMPLAINT**

1   that Defendant represents My Pillow Products can help alleviate.[6]

2       18.    In addition, Defendant sells My Pillow Products at major retailers such

3   as Walmart, Target, and Bed Bath and Beyond.

4   **B.    Defendant's use and placement of the logos of news reporting entities**

5       19.    Since at least as early as May 17, 2014, Defendant's website homepage

6   has conspicuously depicted the logos of prominent third party news reporting entities,

7   such as *Fox Business*, *The New York Times*, *USA Today*, and *Wall Street Journal*

8   ("News Reporting Entities"). A snapshot of Defendant's website on July 3, 2014, can

9   be seen below:[7]



22      20.    Defendant's use and placement of such logos on the homepage of its

23  website is deceptive and misleading to consumers. Plaintiffs understood that the use

24  and placement of these logos meant that the News Reporting Entities endorsed,

---

[6] https://web.archive.org/web/20160113122205/http://www.mypillow.com/reasons-to-buy.html (last visited 03-30-16).
Defendant recently removed its list of medical conditions the My Pillow Products purportedly help cure from its
website, notably after Truthinadvertising.org (an independently funded nonprofit organization dedicated to empowering
consumers to protect themselves against false advertising and deceptive marketing) sent a warning letter informing
Defendant it is in violation of the Federal Trade Commission Act.

[7] https://web.archive.org/web/20140703075424/https://www.mypillow.com/ (last visited 03-30-16)

**CLASS ACTION COMPLAINT**

1  sponsored, supported, or were affiliated with Defendant.

2      21.   Furthermore, the logos were placed adjacent to Defendant's "QVC 2013

3  QSTAR AWARD Product Concept of the Year!" logo ("QVC Award Logo"). The

4  strategic placement of the News Reporting Entities' logos next to the QVC Award

5  Logo reinforced Plaintiffs' beliefs that the News Reporting Entities have given My

6  Pillow an award, acknowledgement, sponsorship, or endorsement.

7      22.   However, Defendant has no such sponsorship or endorsement from, or

8  affiliation with the News Reporting Entities, as Plaintiffs believed it did.

9      23.   In reasonable reliance that the News Reporting Entities' logos on

10  Defendant's website implied that the News Reporting Entities in some way endorsed,

11  sponsored, or supported Defendant's business or products, Plaintiffs purchased My

12  Pillow Products.

13      24.   Defendant's use and placement of the News Reporting Entities' logos on

14  its website helped Defendant sell My Pillow Products at a premium price. Plaintiffs

15  would not have purchased My Pillow Products, or would have paid significantly less

16  for the products, had they known that Defendant had no such endorsement,

17  sponsorship, or support from the News Reporting Entities. Therefore, consumers

18  purchasing My Pillow Products, such as the Plaintiffs and the class members,

19  suffered injury in fact and lost money as a result of Defendant's false, unfair, and

20  fraudulent practices, as described herein.

21  **C.  Defendant's false and misleading representation of Lindell as a "sleep
22      expert"**

23      25.   Defendant has also engaged in false, misleading and fraudulent behavior

24  by representing that Lindell is a "sleep expert" in at least two of its television

25  advertisements.

26      26.   At numerous points during Infomercial #1, Lindell is depicted with the

27  title "sleep expert" under his name. An example of this representation can be seen

28

below:[8]

27.    Furthermore, the voice-over in Infomercial #1 introduces Lindell as a "sleep expert."

28.    Throughout the course of Infomercial #1, Lindell also uses phrases such as "my theory of sleep," and states that "sleep is the most important thing to your health." During the infomercial, Lindell also discusses the anatomies of the neck and spine, and their impact on sleep.

29.    Additionally, throughout Infomercial #2, Lindell is also depicted with the title "sleep expert" next to his name. An example of this representation can be seen below:[9]

---

[8] https://www.youtube.com/watch?v=7Nozvoxr4Ks (last visited 03-30-16)
[9] https://www.youtube.com/watch?v=uwyA-xs1y2E (last visited 03-30-16)

**CLASS ACTION COMPLAINT**



30.     Furthermore, as in Infomercial #1, in Infomercial #2 Lindell makes claims about human anatomy and its impact on sleep.

31.     Despite Defendant's representation that Lindell is a "sleep expert," Lindell has no expertise in sleep science or medicine. In an interview with a Truthinadvertising.org[10] journalist, Lindell admitted that he has no board certification or special training in sleep medicine. The American Board of Medical Specialties has also confirmed that Lindell is not certified in sleep medicine by the organization.

32.     In reasonable reliance that Lindell is a "sleep expert," Plaintiffs purchased My Pillow Products.

33.     Defendant's false and misleading representation that Lindell is a "sleep expert" helps and continues to help Defendant sell My Pillow Products at a premium price. Plaintiffs would not have purchased My Pillow Products, or would have paid significantly less for the products, had they known that Lindell was not a sleep expert. Therefore, consumers purchasing My Pillow Products, such as the Plaintiffs and the

---

[10] Truthinadvertising.org is an independently funded nonprofit organization dedicated to empowering consumers to protect themselves against false advertising and deceptive marketing. The organization achieves its mission by investigating instances of false advertising and deceptive marketing and sharing its findings with others (last visited 03-30-16).

**CLASS ACTION COMPLAINT**

class members, suffered injury in fact and lost money as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

34.    Defendant's advertisements, including Infomercial #1 and Infomercial #2, continue to make the unlawful, false, fraudulent and misleading representation that Lindell is a "sleep expert."

## CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring this case as a class action and may be properly maintained under Federal Rule of Civil Procedure 23 and/or California Civil Code section 1781 on behalf of themselves and all persons in the United States, who within the relevant statute of limitations periods, purchased My Pillow Products ("Nationwide Class").

36.    Plaintiff Kadkhoda also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased My Pillow Products ("California Subclass").

37.    Plaintiff Kadkhoda also seeks to represent a subclass defined as all California subclass members, who within the relevant statute of limitations periods, purchased My Pillow Products for personal, family, or household purposes ("California Consumer Subclass").

38.    Plaintiff Williams also seeks to represent a subclass defined as all Florida residents, who within the relevant statute of limitations periods, purchased My Pillow Products ("Florida Subclass").

39.    Excluded from the Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest. Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are

**CLASS ACTION COMPLAINT**

1  also excluded from the Classes. Also excluded from the Classes are persons or

2  entities that purchased My Pillow Products for purposes of resale.

3      40.   Plaintiffs hereby reserve the right to amend or modify the class

4  definitions with greater specificity or division after having had an opportunity to

5  conduct discovery.

6      41.   Plaintiff Neda Kadkhoda is a member of the Nationwide Class, the

7  California Subclass, and the California Consumer Subclass.

8      42.   Plaintiff Marcia Williams is a member of the Nationwide Class and

9  Florida Subclass.

10      43.   Numerosity:  Defendant has sold millions of My Pillow Products.

11  Defendant's My Pillow Products are available for sale both through the Defendant's

12  website and at third party retailers and vendors, such as Walmart, Target, and Bed

13  Bath and Beyond. Accordingly, members of the Classes are so numerous that their

14  individual joinder herein is impractical. While the precise number of Class members

15  and their identities are unknown to Plaintiffs at this time, the number may be

16  determined through discovery. Class members may be notified of the pendency of

17  this action by mail and/or publication through the distribution records of Defendant,

18  third party retailers, and vendors.

19      44.   Common Questions Predominate:  Common questions of law and fact

20  exist as to all Class members and predominate over questions affecting only

21  individual Class members. Common legal and factual questions include, but are not

22  limited to, the following: i) whether the use and placement of the News Reporting

23  Entities' logos was false, misleading and fraudulent; and ii) whether the

24  representation that Lindell is a "sleep expert" is false, misleading, and fraudulent.

25      45.   Typicality:  Plaintiffs' claims are typical of the claims of the Classes

26  they seek to represent in that Plaintiffs were exposed to Defendant's false and

27  misleading advertising, purchased My Pillow Products after being exposed to the

28

**CLASS ACTION COMPLAINT**

1    foregoing fraud, and suffered losses as a result of such purchases.

2         46.    Adequacy:  Plaintiffs are adequate representatives of the Classes because

3    their interests do not conflict with the interests of the members of the Classes they

4    seek to represent, they have retained competent counsel experienced in prosecuting

5    class actions, and they intend to prosecute this action vigorously. The interests of the

6    members of the Classes will be fairly and adequately protected by Plaintiffs and their

7    counsel.

8         47.    Superiority:  A class action is superior to other available means for the

9    fair and efficient adjudication of the claims of the members of the Classes. Each

10   individual Class member may lack the resources to undergo the burden and expense

11   of individual prosecution of the complex and extensive litigation necessary to

12   establish Defendant's liability. Individualized litigation increases the delay and

13   expense to all parties and multiplies the burden on the judicial system presented by

14   the complex legal and factual issues of this case. Individualized litigation also

15   presents a potential for inconsistent or contradictory judgments.

16        48.    This lawsuit is maintainable as a class action under Federal Rule of Civil

17   Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are

18   generally applicable to the class members, thereby making final injunctive relief

19   appropriate with respect to the Nationwide Class and each Subclass as a whole.

20        49.    This lawsuit is maintainable as a class action under Federal Rule of Civil

21   Procedure 23(b)(3) because the questions of law and fact common to the class

22   members predominate over any questions that affect only individual members, and

23   because the class action mechanism is superior to other available methods for the fair

24   and efficient adjudication of the controversy.

25

26

27

28

**CLASS ACTION COMPLAINT**

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
**(Injunctive Relief only)**

50. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

51. Plaintiff Kadkhoda brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

52. My Pillow Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchase of such products by Plaintiff Kadkhoda and California Consumer Subclass members constitutes "transactions" within the meaning of Cal. Civ. Code § 1761(e).

53. Cal. Civ. Code § 1770(a)(2) prohibits "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services." By implying that its products and/or business are sponsored, approved, and/or certified, through the use and placement of the News Reporting Entities' logos, Defendant has violated section 1770(a)(2) of the CLRA.

54. Cal. Civ. Code § 1770(a)(3) prohibits "[m]isrepresenting the affiliation, connection, or association with, or certification by, another." By implying that its product and/or business are affiliated, connected, associated, and/or certified by another, through the use and placement of the News Reporting Entities' logos, Defendant has violated section 1770(a)(3) of the CLRA. Furthermore, by deceptively representing that Lindell is a "sleep expert," Defendant has misrepresented a "certification by another," and therefore has violated and continues to violate section 1770(a)(3) of the CLRA.

55. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By implying that its products

and/or business are sponsored or approved, through the use and placement of the News Reporting Entities' logos, Defendant has violated section 1770(a)(5) of the CLRA. Furthermore, by deceptively representing that Lindell is a "sleep expert," Defendant has represented that Lindell has approval, status, or connection which he does not have, and therefore has violated and continues to violate section 1770(a)(5) of the CLRA.

56.    Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."  By implying that the My Pillow Products were provided for sale with endorsements by the News Reporting Entities through the use and placement of the News Reporting Entities' logos, Defendant has violated and continues to violate CLRA section 1770(a)(16).  Furthermore, by representing that the My Pillow Products were provided for sale by Lindell who is a "sleep expert," Defendant has misrepresented that Lindell has authority that he does not to recommend the My Pillow Products to consumers, and therefore has violated and continues to violate CLRA section 1770(a)(16).

57.    Plaintiff Kadkhoda and all members of the California Consumer Subclass reasonably relied on Defendant's false, misleading, and fraudulent conduct when purchasing My Pillow Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase My Pillow Products may be presumed or inferred for Plaintiff Kadkhoda and all members of California Consumer Subclass.

58.    Defendant knew or should have known that its false, misleading, and fraudulent conduct violated and continues to violate consumer protection laws, and that its false, misleading, and fraudulent conduct would be relied upon by Plaintiff Kadkhoda and all members of the California Consumer Subclass.

59.    Plaintiff Kadkhoda and all members of the California Consumer Subclass suffered injuries caused by Defendant because they would not have

purchased My Pillow Products, or would have paid significantly less for the products, had they known that Defendant's conduct was false, misleading, and fraudulent.

60.    Under California Civil Code § 1780(a), Plaintiff Kadkhoda and all members of the California Consumer Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff Kadkhoda seeks to enjoin Defendant from: i) depicting logos of the News Reporting Entities or other entities from or to which Defendant has no sponsorship, endorsement, affiliation, or connection with, on its website and any other advertising platform; and ii) representing in its advertising platforms, including in its infomercials, that Lindell is a "sleep expert." Counsel for Plaintiff Kadkhoda has mailed a notice and demand letter by certified mail, with return receipt requested, consistent with California Civil Code § 1782(a). If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff Kadkhoda will amend her complaint and this cause of action to include a request for damages as permitted by Civil Code § 1782(d), *inter alia*.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***

61.    Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

62.    Plaintiff Kadkhoda brings this claim individually and on behalf of the members of the proposed California Subclass against Defendant.

63.    UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

64.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

65.    Defendant's false and misleading advertising using the News Reporting

**CLASS ACTION COMPLAINT**

Entities' logos and representing that Lindell is a "sleep expert" is therefore "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

66. As a result of Defendant's unlawful business acts and practices, Defendant has obtained, and continues to unlawfully obtain, money from California consumers.

67. Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the act or practice's benefits are outweighed by the gravity of the harm to the alleged victims.

68. Defendant's conduct here is of no benefit to potential purchasers of My Pillow Products, as it is untrue, misleading, unfair, and unlawful. Creating customer confusion as to the nature of Defendant's potential endorsements, sponsorships, or support is of no benefit to consumers. Furthermore, creating customer confusion as to Lindell's credentials is of no benefit to consumers. Therefore, Defendant's conduct is "unfair."

69. As a result of Defendant's unfair business acts and practices, Defendant has obtained, and continues to unfairly obtain money from California consumers.

70. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

71. Defendant's conduct here is fraudulent because it has the effect of misleading consumers into believing that My Pillow Products are more supported or more effective than they actually are. Plaintiff and members of the California Subclass are not sophisticated experts on sleep science or the sleep industry, and therefore likely give high deference to both the opinions of news entities and the opinions of those represented as "experts" in a certain field. Because Defendant misled and continues to mislead customers about the foregoing, Defendant's conduct

**CLASS ACTION COMPLAINT**

1    is "fraudulent."

2        72.    As a result of Defendant's fraudulent business acts and practices,

3    Defendant has obtained, and continues to fraudulently obtain money from California

4    consumers.

5        73.    Plaintiff Kadkhoda requests that this Court cause Defendant to restore

6    this unlawfully, unfairly, and fraudulently obtained money to Plaintiff and all

7    members of the California Subclass, to disgorge the profits Defendant made on these

8    transactions, and to enjoin Defendant from continuing to violate the UCL or violating

9    it in the same fashion in the future as discussed herein. Otherwise, the California

10   Subclass may be irreparably harmed and/or denied an effective and complete remedy

11   if such an order is not granted.

12
13               **THIRD CLAIM FOR RELIEF**
          **Violation of California's False Advertising Law ("FAL"),**
             **California Business & Professions Code §§ 17500, _et seq_**
14

15       74.    Plaintiffs repeat the allegations contained in the paragraphs above as if

16   fully set forth herein.

17       75.    Plaintiff Kadkhoda brings this claim individually and on behalf of the

18   members of the proposed California Subclass against Defendant.

19       76.    California's FAL makes it "unlawful for any person to make or

20   disseminate or cause to be made or disseminated before the public... in any

21   advertising device ... or in any other manner or means whatever, including over the

22   Internet, any statement, concerning ... personal property or services professional or

23   otherwise, or performance or disposition thereof, which is untrue or misleading and

24   which is known, or which by the exercise of reasonable care should be known, to be

25   untrue or misleading."

26       77.    Defendant has disseminated to the public, including Plaintiff Kadkhoda

27   and California consumers, advertisements or advertising language in both its

28

**CLASS ACTION COMPLAINT**

1  infomercials and website. Because Defendant has included false, misleading, and

2  fraudulent representations in its advertisements, and Defendant knew that these

3  representations were unauthorized, inaccurate, and misleading, Defendant has

4  violated the FAL.

5      78.   Furthermore, Defendant knew or should have known through the

6  exercise of reasonable care that such representations were unauthorized, inaccurate,

7  and misleading.

8      79.   As a result of Defendant's fraudulent business acts and practices,

9  Defendant has obtained, and continues to fraudulently obtain money from California

10 consumers.

11     80.   Plaintiff Kadkhoda requests that this Court cause Defendant to restore

12 this money to Plaintiff and all members of the California Subclass, to disgorge the

13 profits Defendant made on these transactions, and to enjoin Defendant from

14 continuing to violate the FAL or violating it in the same fashion in the future as

15 discussed herein. Otherwise, the California Subclass may be irreparably harmed

16 and/or denied an effective and complete remedy if such an order is not granted.

17                 **FOURTH CLAIM FOR RELIEF**
18  **Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"),**
        **Florida Statutes §§ 501.201, *et seq*.**
19

20     81.   Plaintiffs repeat the allegations contained in the paragraphs above as if

21 fully set forth herein.

22     82.   Plaintiff Williams brings this claim individually and on behalf of the

23 members of the proposed Florida Subclass against Defendant.

24     83.   The FDUTPA is "a consumer protection law intended to protect the

25 consuming public and legitimate business enterprises from those who engage in

26 unfair methods of competition, or unconscionable, deceptive, or unfair acts or

27 practices in the conduct of any trade or commerce." *Tuckish v. Pompano Motor Co.,*

28

**CLASS ACTION COMPLAINT**

337 F. Supp. 2d 1313, 1319 (S.D. Fla. 2004); Fla. Stat. § 501.202. In the interests of consumer protection, the FDUTPA should be "liberally construed." *Samuels v. King Motor Co.,* 782 So. 2d 489, 499 (Fla. 4th DCA 2001).

84.    Plaintiff Williams and members of the Florida Subclass are "consumers" as defined by FDUTPA § 501.203(7). At all relevant times hereto, Defendant has engaged in "trade or commerce" within the meaning of the FDUTPA § 501.203(8). Furthermore, Defendant's My Pillow Products are "goods" within the meaning of the FDUTPA.

85.    Pursuant to FDUTPA § 501.204, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in conduct of any trade or commerce" are declared unlawful. "Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So. 2d 773, 777 (Fla. 2003).

86.    Defendant's false and misleading representations here constitute deceptive acts or practices, because they are likely to mislead, or have misled, reasonable consumers. Defendant has misled consumers about My Pillow's potential sponsors, endorsers, or affiliations. Furthermore, by representing that Lindell is a "sleep expert," Defendant has misled and continues to mislead consumers about the efficacy and professional approval of its My Pillow Products.

87.    Defendant's false and misleading representations also constitute an unfair practice, because they offend established public policy and are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

88.    As a result of Defendant's false and misleading representations, Plaintiff Williams and members of the Florida Subclass have purchased Defendant's products. Had they known Defendant's representations were false and misleading, Plaintiff Williams and Florida consumers would not have purchased Defendant's My Pillow

**CLASS ACTION COMPLAINT**

Products, or would have paid significantly less for the products. Therefore, Plaintiff Williams and members of the Florida Subclass have suffered damages.

89.     Plaintiff Williams requests that this Court order or grant all remedies available under the FDUTPA, including, but not limited to civil penalties, injunctive and declaratory relief, damages, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**Breach of Express Warranty**

90.     Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

91.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Nationwide Class against Defendant.

92.     By using the News Reporting Entities' logos on its website, Defendant has made affirmations of fact and expressly warranted that the Company and/or its products are sponsored, endorsed, or affiliated with the News Reporting Entities.

93.     The representation that the Company and/or its products are sponsored, endorsed, or affiliated with the News Reporting Entities was reasonably understood to constitute an affirmation of fact and/or representation that the Company and/or its product were in fact sponsored, endorsed, or affiliated with the News Reporting Entities.

94.     The representation that the Company and/or its products are sponsored, endorsed, or affiliated with the News Reporting Entities served part of the basis of the bargain for every purchase of My Pillow Products after viewing the website. Plaintiffs and members of the Nationwide Class reasonably relied upon the News Reporting Entities' logos on the website and understood that the logos meant a sponsorship or endorsement from, or affiliation with the News Reporting Entities.

95.     Defendant breached this warranty because the Company and/or its products were not sponsored, endorsed, or affiliated with the News Reporting

19
**CLASS ACTION COMPLAINT**

1  Entities.

2      96.    As a result of Defendant's breach, Plaintiffs and members of the

3  Nationwide Class were injured, as they would not have purchased Defendant's My

4  Pillow Products, or would have paid significantly less for the products, had they

5  known that Defendant's representations were false and misleading.

6              **SIXTH CLAIM FOR RELIEF**

7              **Fraud in Inducement**

8      97.    Plaintiffs repeat the allegations contained in the paragraphs above as if

9  fully set forth herein.

10     98.    Plaintiffs bring this claim individually and on behalf of the members of

11  the proposed Nationwide Class against Defendant.

12     99.    As described with particularity herein, Defendant has disseminated and

13  continues to disseminate false and misleading advertising that it knows or should

14  reasonable know is false and misleading. Defendant had full access to and knowledge

15  of the Company's contracts and relationships, and therefore knew or should have

16  known the Company had no such sponsorships, endorsements, or affiliations.

17  Furthermore, Defendant had full access to the background and credentials of Lindell

18  and therefore knew or should have known that Lindell was not a "sleep expert."

19     100.   The false and misleading representations were made by Defendant with

20  intent to induce reliance on such representations. Defendant knew that making such

21  representations would induce consumers to rely and act based on those

22  representations.

23     101.   Plaintiffs and members of the Nationwide Class reasonably relied on the

24  false and misleading representations.

25     102.   Relying on Defendant's false and misleading representations, Plaintiff

26  and members of the Nationwide Class purchased Defendant's products. Had they

27  known Defendant's representations were false and misleading, they would not have

28

**CLASS ACTION COMPLAINT**

1   purchased Defendant's My Pillow Products, or would have paid significantly less for

2   the products. Therefore, Plaintiffs and members of the Nationwide Class have

3   suffered damages.

### PRAYER FOR RELIEF

4

5          WHEREFORE, Plaintiffs, individually and on behalf of all others

6   similarly situated, seek judgment against Defendant, as follows:

7          a)     For an order certifying the Nationwide Class, the California Subclass,

8   the California Consumer Subclass, and the Florida Subclass under Rule 23 of the

9   Federal Rules of Civil Procedure; naming Plaintiff Kadkhoda as representative of

10  the California Subclass and California Consumer Subclass; naming Plaintiff

11  Marcia Williams as representative of the Florida Subclass; and naming Plaintiffs'

12  attorneys as Class Counsel to represent all Classes.

13         b)     For an order declaring that Defendant's conduct violates the statutes

14  and laws referenced herein;

15         c)     For an order finding in favor of Plaintiffs, the Nationwide Class, the

16  California Subclass, the California Consumer Subclass, and the Florida Subclass

17  on all counts asserted herein;

18         d)     For compensatory and punitive damages in amounts to be determined

19  by the Court and/or jury;

20         e)     For prejudgment interest on all amounts awarded;

21         f)     For an order of restitution and all other forms of equitable monetary

22  relief;

23         g)     For injunctive relief as pleaded or as the Court may deem proper;

24         h)     For an order awarding Plaintiffs their reasonable attorneys' fees and

25  expenses and costs of suit; and

26         i)     For any other such relief as the Court deems just and proper.

27

28

**CLASS ACTION COMPLAINT**

1

## **DEMAND FOR TRIAL BY JURY**

2

Plaintiffs demand a trial by jury on all issues so triable.

3 Dated: March 31, 2016                                **FARUQI & FARUQI, LLP**

4

5                                                      By: */s/ Barbara A. Rohr*

6                                                      Barbara A. Rohr, Bar No. 273353
                                                       Benjamin Heikali, Bar No. 307466
7                                                      10866 Wilshire Blvd., Suite 1470
                                                       Los Angeles, CA 90024
8                                                      Telephone: 424.256.2884
                                                       Fax: 424.256.2885
9                                                      E-mail: brohr@faruqilaw.com
                                                               bheikali@faruqilaw.com
10

11                                                     **FARUQI & FARUQI, LLP**

12                                                     Timothy J. Peter (*pro hac forthcoming*)
                                                       101 Greenwood Avenue, Suite 600
13                                                     Jenkintown, PA  19046
                                                       Telephone: 215.277.5770
14                                                     Fax: 215.277.5771
                                                       E-mail: tpeter@faruqilaw.com
15
                                                       *Attorneys for Plaintiffs*
16                                                     *Neda Kadkhoda and Marcia Williams*

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**